ROBERT S. DENHAM CO., Inc., v. SALT.

(Supreme Court, Appellate Division, First Department. November 7, 1913.)

TRADE-MARKS AND TRADE-NAMES (§ 95*) — UNFAIR COMPETITION — ACTIONS — TEMPORARY INJUNCTION.

In an action against a former employé of plaintiff to enjoin the use of unfair means to attract business, where the chief contention was as to the employé's right to use certain business forms, and it was disputed whether such forms were devised by plaintiff's president or by such former employé, an injunction pendente lite should be denied.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 108; Dec. Dig. § 95.*]

Appeal from Special Term, New York County.

Action by the Robert S. Denham Company, Incorporated, against Edwin E. Salt. From an order granting an injunction pendente lite, defendant appeals. Reversed, and motion for injunction denied.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Albert P. Massey, of New York City, for appellant.
George P. Breckenridge, of New York City, for respondent.

SCOTT, J. This is an action to restrain what is alleged to be unfair competition with plaintiff's business on the part of a former employé. In so far as the defendant is accused of using unfair means to attract business, we scarcely think that plaintiff has made out a case. The chief contention is as to defendant's right to use in the transaction of his business certain forms, consisting of sheets of paper ruled in a certain manner and designed for the ready tabulation of items of work in machine shops and like establishments. It is disputed whether these forms were devised by plaintiff's president or by defendant. That is a question of fact which, if important, can

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

best be determined on the trial. In any event plaintiff's grievance is rather that defendant has copied its methods of doing business than that he has used unfair means to attract business. We do not think that, upon the papers before us, plaintiff has made out a case for an injunction pendente lite. This has nothing to do with the question whether or not it may be entitled, upon the facts shown on the trial, to a permanent injunction.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion for an injunction pendente lite denied, with $10 costs. All concur.

